# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-1580

TYRONE HOOD,

*Petitioner-Appellant,*

v.

ALAN M. UCHTMAN,

*Respondent-Appellee.*

———————

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 03 C 2709—**Elaine E. Bucklo**, *Judge.*

———————

ARGUED MAY 5, 2005—DECIDED JULY 8, 2005

———————

Before BAUER, EASTERBROOK, and MANION, *Circuit Judges.*

BAUER, *Circuit Judge.* Following a bench trial, Tyrone Hood was convicted of first degree murder and armed robbery in 1996. He appealed his conviction without success and then filed a petition for a writ of habeas corpus on April 22, 2003. The district court denied the writ, and we affirm.

### Background

Hood was convicted of the murder of Marshall Morgan, Jr. Morgan Jr. was last seen on May 8, 1993, and his body

was later found inside his blue Chevrolet Cavalier on May 17, 1993. He had been shot multiple times and was partially covered with a beige jacket. The medical examiner estimated that he had been dead for six to ten days. Among other things, a checkbook, some money, six beer bottles, and five beer cans were found in the car.

Morgan Jr.'s mother, Marcie Escoffery, testified that she was with her son on May 8 at about 2:30 p.m., cleaning the inside of their car. Several things were left in the car, including her beige jacket. Escoffery gave her son $20 to get the car washed, and Morgan Jr. left. Morgan Jr.'s fiancée, Lorena Peete, testified that she had a date with Morgan Jr. later that evening, but he never arrived to pick her up and never called.

The state's case against Hood consisted of both fingerprint and eyewitness evidence. Hood's fingerprints were found on two of the beer bottles that were found in Morgan Jr.'s car. Emanuel Bob testified that he saw Hood, whom he recognized from the neighborhood, driving a blue Chevy Cavalier on May 9, 1993. Another neighborhood man, Joe West, told police that he had seen Hood driving in a blue Chevy and flagged him down. The two shared a beer in the front seat, and West noticed a body on the floor in the back seat partially covered with a beige jacket. Hood told West that the victim in the back seat was "whacked" and that he intended to "go out and find another victim." Hood, however, maintains his innocence and asserts that the culprit is the victim's father, Marshall Morgan, Sr.

Morgan Sr. testified that he saw his son on the morning of May 8 at Corliss High School, where Morgan Sr. worked. Morgan Sr. gave his son $350 and did not see him again. The trial court did not allow the defense to question Morgan Sr. about his previous voluntary manslaughter conviction or the life insurance policies that he carried on his former fiancée and son. Hood claims that Morgan Sr.'s former

fiancée was killed under very similar circumstances to Morgan Jr., as they were both found dead in a car and Morgan Sr. had taken out life insurance policies on both of them. He complains that the trial court violated his right to present a defense when it prevented him from developing his theory that Morgan Sr. was responsible for the murder.

*Discussion*

Because Hood filed his habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, governs our review. We may not issue a writ of habeas corpus unless the state court proceedings either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Hood contends that the trial court's evidentiary rulings are contrary to clearly established federal law as articulated by the Supreme Court in *Chambers v. Mississippi*, 410 U.S. 284 (1973). We review Hood's claim *de novo. Schaff v. Snyder*, 190 F.3d 513, 522 (7th Cir. 1999).

The district court's evidentiary ruling was not contrary to *Chambers*. The defendant in *Chambers* sought to introduce into evidence the out-of-court statements of a man, Gable McDonald, who declared that it was he, and not the defendant, who had committed the murder at issue. *Chambers*, 410 U.S. at 289. McDonald made a sworn confession at the offices of the defendant's attorneys and also admitted to the murder in private conversations with several of his friends. *Id.* McDonald later repudiated his confession, and the trial court prevented the defense from calling McDonald as an adverse witness in order to cross-examine him because to do

so would violate Mississippi's "voucher" rule. *Id.* at 294. The court also refused to allow the testimony of three witnesses to whom McDonald admitted committing the murder, ruling those statements to be hearsay. *Id.* at 292. The Supreme Court ruled that under the facts and circumstances of that particular case, the mechanistic application of state evidentiary rules which prevented the defense from introducing evidence regarding McDonald's confession violated the defendant's due process rights under the Fourteenth Amendment. *Id.* at 302-03. The Court took particular note of the fact that the statements were made "under circumstances that provided considerable assurance of their reliability." *Id.* at 300.

In contrast to *Chambers*, Hood offered no evidence that tied Morgan Sr. to the murder scene or otherwise connected him to the crime. The evidence he offered regarding Morgan Sr.'s fiancée and the insurance policies he carried was speculative at best. Morgan Sr.'s conviction and a possible motive do not directly link him to the crime. Hood's case is therefore distinguishable from the defendant in *Chambers*, who had reliable evidence in the form of multiple admissions by another individual that he was the actual killer. A defendant "does not have an unfettered right to offer [evidence] that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996) (quoting *Taylor v. Illinois*, 484 U.S. 400, 410 (1988)). "The right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Chambers*, 410 U.S. at 295. The trial court in the instant case did not exclude vital evidence by applying evidentiary rules in an unyielding or mechanistic fashion. Rather, the court, for good reason, found the evidence at issue to be speculative, remote, and therefore irrelevant, and it applied the state evidentiary rules accordingly.

It also warrants mentioning that Hood was convicted after a bench trial; the judge heard defense counsel make their offers of proof and was aware of Hood's argument. This is not a case where a jury did not have the opportunity to hear anything about Hood's theory regarding Morgan Sr. The judge heard about Morgan Sr.'s prior conviction and the circumstances of his former fiancée's death, but was ultimately unconvinced by the evidence Hood offered.

### *Conclusion*

We AFFIRM the district court's denial of a writ of habeas corpus to Hood.

A true Copy:

     Teste:

 

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*